```
              IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| HARTFORD FIRE INSURANCE COMPANY, | HON. JEROME B. SIMANDLE |
| Plaintiff, | CIVIL NO. 03-735 (JBS) |
| v. | **OPINION** |
| CHATA COATING AND LAMINATING, INC., et al., | |
| Defendants | |
| ANTHONY M. BRIDA, INC., | |
| Third-Party Plaintiff, | |
| v. | |
| SAMUEL P. MARTIN INSURANCE AGENCY, INC., | |
| Third-Party Defendant. | |

APPEARANCES:

Andrew Karonis, Esquire
SCHINDEL, FARMAN & LIPSIUS, LLP
4 Cornwall Drive
Suit 101
East Brunswick, New Jersey 08816
    Attorney for Plaintiff

George W. Wright, Esquire
GEORGE W. WRIGHT & ASSOCIATES, LLC
401 Continental Plaza
Hackensack, New Jersey 07601
    Attorney for Defendant/Third-Party Plaintiff
    Anthony M. Brida, Inc.

Michael O. Kassak, Esquire
WHITE and WILLIAMS, ESQS.
475 Haddonfield Road
Suite 400
Cherry Hill, New Jersey 08002
    Attorney for Third-Party Defendant Samuel P. Martin
    Insurance Agency, Inc.

**SIMANDLE**, U.S. District Judge:

Third-Party Defendant Samuel P. Martin Insurance Agency, Inc. ("Martin") has moved for reconsideration of the Court's June 22, 2005 Opinion and Order granting summary judgment in favor of Plaintiff in this declaratory judgment action.[1] Martin argues that the Court overlooked evidence that superior coverage was available to Brida from Plaintiff. Martin had argued previously that "all of the evidence indicates that such coverage was not available . . . ." (Martin Opp. Br. at 8.) The Court relied on that representation in reaching its decision.

Martin now argues that the Court should reconsider its holding granting summary judgment to Plaintiff. For two primary reasons, the motion for reconsideration will be denied. First, the Court considered all the evidence in the record and concluded, as Martin urged the Court to do, that superior coverage was not available to Defendant/Third-Party Plaintiff Anthony M. Brida, Inc. ("Brida"). Second, there is no issue of fact regarding the availability of superior coverage. Accordingly, Martin's motion will be denied.

---

[1] The Opinion and Order also treated with the motion for summary judgment by Defendant/Third-Party Plaintiff Anthony M. Brida, Inc. against Martin, which the Court denied. Martin has not asked the Court to reconsider that decision.

I.  **BACKGROUND**

This action arises out of a suit filed by Chata Coating and Laminating, Co. ("Chata") seeking damages for water damage to machinery being transported by Brida in December 2001 ("Underlying Action").  The Court will only recount those facts that bear upon this motion for reconsideration.

On October 25, 1999, Hartford Fire Insurance Company ("Hartford") issued policy no. 13 UUM 1D8655 (the "Policy") to Brida, providing coverage under Form MS 00 39 04 89 (the "Cargo Coverage Form") for direct physical loss to property being transported by Brida.[2] The Policy was procured through Martin, a licensed insurance agent.

Following an inquiry by Martin, on November 8, 1999 Imelda Toland, Hartford's underwriter assigned to the Brida account, notified Jacqueline McAllister of the Martin Agency by fax that no coverage for wetness, dampness or rust was provided by the Hartford Policy.  On November 15, 1999, Ms. McAllister contacted Daniele Brida of Brida and advised her of Hartford's position that no coverage was afforded for wetness, rust, or corrosion.

---

[2] A complete copy of the Policy was received by Brida no later than April 2000.  The Hartford Policy was renewed on the same terms and conditions from October 25, 2000 to October 25, 2001, and then from October 25, 2001 through October 25, 2002. Shortly after the commencement of each policy period, Hartford would prepare a physical copy of the policy and forward it to Martin, which would then forward a complete copy to Brida.

3

That same day, Ms. McAllister sent a fax to Ms. Brida confirming that conversation and forwarding Hartford's reply that no coverage was provided for wetness, dampness or rust under the policy.

On December 26, 2001, Hartford was advised by Martin of a potential cargo claim by Chata against Brida. On March 19, 2002, Chata presented a formal written claim against Brida, which was forwarded to Hartford, alleging that Brida failed to properly tarp or otherwise protect the printing press which had been tendered to Brida for transport. On April 18, 2002, Hartford advised Brida in writing that it was declining the claim on the grounds that the type of losses at issue were specifically excluded from the Policy.

Chata filed a complaint in federal district court in South Carolina on April 26, 2002. On June 7, 2002, Hartford filed this declaratory judgment action against Chata and Brida seeking a declaration that Hartford has no obligations to provide Brida with indemnity or a defense for Chata's claims against Brida. By Opinion and Order dated June 22, 2005, this Court granted the motion for summary judgment by Hartford Fire Insurance Company, thereby holding Hartford free from any obligation to provide Brida with indemnity or a defense for Chata's claims.[3]

---

[3] Additionally, the Court denied the motions for summary judgment by Brida against Hartford and Brida. Martin has not asked for reconsideration of those holdings.

**II.   STANDARD OF REVIEW**

Local Civil Rule 7.1(i) of the United States District Court, District of New Jersey, governs the instant motion for reconsideration.[4] That rule requires that the moving party set forth the factual matters or controlling legal authority that it believes the court overlooked when rendering its initial decision.  L. Civ. R. 7.1(i).  Whether to grant reconsideration is a matter within the district court's discretion, but it should only be granted where such facts or legal authority were indeed presented but overlooked.  DeLong Corp. v. Raymond Int'l, Inc., 622 F.2d 1135, 1140 (3d Cir. 1980), overruled on other grounds by Croker v. Boeing Co., 662 F.2d 975 (3d Cir. 1981); Williams v. Sullivan, 818 F. Supp. 92, 93 (D.N.J. 1993).

A "motion for reconsideration is not a vehicle to reargue the motion or to present evidence which should have been raised before."  Bermingham v. Sony Corp. of America, Inc., 820 F. Supp. 834, 856-67 (D.N.J. 1992), aff'd, 37 F.3d 1485 (3d Cir. 1994).  A motion for reconsideration is improper when it is used solely to ask the court to rethink what it has already thought through – rightly or wrongly.  Oritani Savings & Loan Assoc. v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990)(citing Above

---

[4] Martin mistakenly moved for reconsideration under L. Civ. R. 7.1(g).  By Order dated February 24, 2005, the Local Civil Rules were amended so that Rule 7.1(i) now governs motions for reconsideration.  The amended rule made no substantive change other than concerning filing of opposition papers.

the Belt v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)), rev'd on other grounds, 989 F.2d 635 (3d Cir. 1993). Finally, a motion for reconsideration does not allow a party to "simply change[] theories and [try] again," thus giving that party "a second bite at the apple." Bhatnagar v. Surrendra Overseas Ltd., 52 F.3d 1220, 1231 (3d Cir. 1995).

**III. DISCUSSION**

Martin asks the Court to reconsider that portion of its June 22, 2005 Opinion and Order granting summary judgment in favor of Hartford against Brida, and holding that Hartford has no obligation to provide Brida with indemnity or a defense for Chata's claims against Brida in the Underlying Action.  Martin argues that "the Court overlooked The Martin Company's argument that The Hartford failed to advise The Martin Company that more comprehensive motor truck cargo policy coverage was available from the Hartford."  (Martin Br. at 5.)  Not only did the Court consider the issue of whether superior coverage was available, it relied on Martin's representations to the Court that the record is clear that such coverage was not available.  (See Slip Op. at 14; Martin Opp. Br. at 8, 9.)  For Martin to argue otherwise at this stage of the litigation is inappropriate under Rule 7.1(i).

In any event, the Court reiterates that there is no factual support for the allegation that Brida would have qualified for superior "Form 40" coverage.  To the contrary, as Martin

6

previously argued to the Court, the record establishes that such coverage was not available to Brida.  According to Valentina Grady, Hartford's corporate designee for underwriting, Brida did not qualify for Form 40 coverage.  (Hartford Reply Br. Ex. A, Grady Tr. at 16:15-25; 17:23-18:7.)  The testimony of Imelda Toland, Hartford's underwriter assigned to the Brida account, is not to the contrary.  No admissible evidence contradicts this.

Finally, the Court recognizes, as it did before, that in light of the unambiguous language of the exclusions in the Policy, Brida's expectation concerning the extent of the coverage is immaterial in any event.  (Slip Op. at 9 n.3.)  In other words, whether Form 40 coverage was available would not have altered the Court's determination that Hartford has no obligations to provide Brida with indemnity or a defense for Chata's claims against Brida.

**IV. CONCLUSION**

For the foregoing reasons, the motion for reconsideration is denied.[5]

**March 15, 2006**　　　　　　　　　　　　**s/ Jerome B. Simandle**
Date　　　　　　　　　　　　　　　　　　JEROME B. SIMANDLE
　　　　　　　　　　　　　　　　　　　　U.S. District Judge

---

[5] Martin is mistaken that the Court granted summary judgment in favor of Hartford on Martin's counterclaim for contribution or indemnification and, thus, the Court will not now address for the first time Martin's arguments related to that claim.